**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Joseph Bennetti, | No. CV 18-01985-PHX-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Dino Joseph Bennetti, who is currently confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Injunction and Injunctive Relief (Doc. 33).

Plaintiff asserts that he is unfairly prejudiced because Defendants have the ability to present expert medical testimony and Plaintiff, who is pro se, cannot afford counsel or obtain experts. (Doc. 33 at 2-3.) Plaintiff also asks why Defendants included records relevant to his criminal history in their Initial Disclosure Statement. (*Id.* at 3-4.) As relief, Plaintiff requests that the Court either appoint him counsel or "deny the introduction of expert testimony in personal appearance, deposition only, conduct (all) hearings by telephone or video until actual trial, and order (all) discovery be written, and finally, deny any and all use of Plaintiff['s] criminal record due to its relevance and meant [sic]to impeach." (*Id.* at 6.) Plaintiff further requests that if his Motion is denied, the Court dismiss this action without prejudice. (*Id.*)

1    There is no constitutional right to the appointment of counsel in a civil case. *See*

2    *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma

3    pauperis, the court may request an attorney to represent any person unable to afford one.

4    28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required

5    only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015,

6    1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires

7    an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to

8    articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*

9    "Neither of these factors is dispositive and both must be viewed together before reaching

10   a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

11        Plaintiff is in a position no different than other pro se prisoners, and the Court cannot

12   appoint counsel without considering the above factors.  Here, it is unclear whether Plaintiff

13   will be able to succeed on the merits of his claims, but he has shown the ability to articulate

14   his claims thus far in this action.  Having considered both elements, it does not appear at

15   this time that exceptional circumstances are present that would require the appointment of

16   counsel.

17        Moreover, Plaintiff has identified no legal basis for denying Defendants the use of

18   properly disclosed expert testimony.  To the extent that Plaintiff anticipates Defendants

19   will attempt to use any evidence improperly, including evidence regarding his criminal

20   history, he may make appropriate objections when evidence is used.

21        The remainder of the relief Plaintiff requests is unclear.  It appears Plaintiff requests

22   that all hearings be conducted telephonically until trial and that all discovery be written.

23   To the extent Plaintiff requests that a specific hearing be conducted telephonically or

24   objects to the form of certain discovery, he may file appropriate motions that address his

25   objections, but the Court will not issue blanket orders concerning possible future events.

26        For the foregoing reasons, Plaintiff's Motion will be denied.  If Plaintiff still seeks

27   to dismiss this action given the denial of his Motion, he may file a motion requesting

28   dismissal of this action without prejudice, but Plaintiff is warned that there are

consequences inherent in a voluntary dismissal at this juncture, including that Plaintiff may face statute of limitations issues should he dismiss this action and attempt to re-file it in the future.

**IT IS ORDERED:**

(1)      The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Injunction and Injunctive Relief (Doc. 33).

(2)      Plaintiff's Motion for Injunction and Injunctive Relief (Doc. 33) is **denied**.

Dated this 20th day of May, 2019.

David G. Campbell
Senior United States District Judge